**PEARSON EDUCATION, INC., John Wiley & Sons, Inc., Cengage Learning Inc., The McGraw–Hill Companies, Inc., Plaintiffs–Appellees,**

v.

**Mohit ARORA d/b/a Besteconomy-books, Defendant–Appellant,**

**John Does 1–5, Defendants.**

**No. 10–2829–cv.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2012.

John T. Mitchell, Interaction Law, Washington, D.C., for Defendant–Appellant.

Laura Scileppi (William Dunnegan, on the brief), Dunnegan LLC, New York, N.Y., for Respondent–Appellee.

Present: ROBERT A. KATZMANN, GERARD E. LYNCH, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Mohit Arora ("Arora") appeals a decision of the District Court granting a motion for summary judgment by plaintiffs-appellees Pearson Education, Inc., and The McGraw–Hill Companies, Inc. ("plaintiffs"). Arora argues that the District Court erred in granting plaintiffs' motion for summary judgment by ruling that the so-called "first sale doctrine," codified at 17 U.S.C. § 109(a), does not apply to the sale of copies of copyrighted works manufactured outside the United States. We assume the parties' familiarity with the facts and procedural history of this action.

When this appeal was first before this Court, we noted that we had recently addressed the very issue presented by the instant appeal in *John Wiley & Sons, Inc. v. Kirtsaeng,* 654 F.3d 210 (2d Cir.2011), which held that the first sale doctrine does not apply to copies manufactured outside the United States. *Pearson Educ., Inc. v. Arora,* 438 Fed.Appx. 34 (2d Cir.2011). We declined to reach the merits of the instant dispute, however, because Arora's appeal was untimely filed and we therefore lacked jurisdiction. *Id.* at 35. Accordingly, we dismissed the appeal and remanded the case to the District Court for consideration of Arora's motion for an extension of time in which to file its notice of appeal. *Id.* at 36. On September 21, 2011, the district court granted Arora's motion for leave to file a late notice of appeal, thereby curing the jurisdictional defect we had previously identified. *See* Fed. R.App. P. 4(a)(5)(A). Accordingly, the appeal was reinstated.

Now that we have jurisdiction to consider this matter, we hereby **AFFIRM** the judgment of the District Court on the authority of *Kirtsaeng*. "Generally, this court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc*." *Consol. Edison Co. of N.Y. v. UGI Utils., Inc.*, 423 F.3d 90, 101 n. 12 (2d Cir.2005) (internal quotation marks omitted). In the absence of such an intervening Supreme Court or *en banc* decision, we are therefore bound to follow *Kirtsaeng*.